UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| LINDA FAYE HARRIS, | * | CIVIL ACTION |
| | * | |
| Plaintiff | * | NO. _____ |
| | * | |
| VERSUS | * | DIVISION _____ |
| | * | |
| HOUSING AUTHORITY OF THE | * | |
| CITY OF ALEXANDRIA, | * | JUDGE _____ |
| | * | |
| Defendant | * | MAGISTRATE JUDGE _____ |

## COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF AND COMPENSATORY DAMAGES

### I.   PRELIMINARY STATEMENT

1. This is an individual civil rights action brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983, and the Fourteenth Amendment to the United States Constitution, for declaratory relief and monetary damages to redress the deprivation under color of state law of rights, privileges or immunities secured to plaintiff by the Constitution and laws of the United States of America and of the State of Louisiana in connection with the deprivation of plaintiff's property without due process of law, by the Housing Authority of the City of Alexandria.

2. Linda Faye Harris, a former Section 8 subsidized housing voucher holder, brings this action to challenge the failure of the Housing Authority of the City of Alexandria to comply with the clear and unambiguous provisions of federal regulations and its failure to follow its own Section 8 subsidized housing Administrative Plan. These regulations and this Plan mandate, *inter alia*, that before terminating a participant from the Section 8 program, the participant must be offered the opportunity for a hearing.

3. Plaintiff seeks injunctive relief ordering HACA to reinstate her Housing Choice

(Section 8) voucher, pay to Ms. Harris's lessor any amounts due her lessor that defendant is responsible for making and issue Ms. Harris a legally valid notice of termination and an opportunity for a grievance process.

4. Ms. Harris seeks a declaration that Defendant violated her rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Housing Act, injunctive relief restoring her to the Voucher Program, monetary damages for her loss of housing assistance and attorney fees. Plaintiff states her claims pursuant to 42 U.S.C. §1983.

## II. JURISDICTION AND VENUE

5. This action arises under the Fourteenth Amendment to the Constitution of the United States and under 28 U.S.C. §§1331, 1337, 1343(a)(3), 1343(a)(4) and 1367, as hereinafter more fully appears. This case arises under federal law, including 42 U.S.C. §§1437 and 1983, and Louisiana law, including Ms. Harris's claim for breach of contract based on the provisions of Ms. Harris's voucher agreement.

6. This action is authorized by:

   a. 28 U.S.C. §§2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, which empower the Court to grant declaratory relief and such other relief as the Court deems proper, and

   b. 42 U.S.C. §1983, which provides redress for the deprivation under color of state law of any right, privilege or immunity secured to persons by the Constitution and laws of the United States.

7. Plaintiff also invokes the supplemental jurisdiction of this Court to hear state claims arising under Article 1, Sections 2, 3 and 4 of the Louisiana Constitution, LSA-R.S. 40:381 et seq. and the Louisiana Civil Code.

8. Venue is proper in this District pursuant to 42 U.S.C. §3613(a) and is governed by 28 U.S.C. §1391(b) as all factual allegations made in this complaint occurred in the Western District of Louisiana, Alexandria Division.

### III.   PARTIES

9. Plaintiff **Linda Faye Harris** is a natural person of the age of majority and a citizen of the United States and is domiciled in Rapides Parish, Louisiana, within the Western District of Louisiana, Alexandria Division. She is and has been at all times relevant hereto a participant in the Section 8 federally subsidized, tenant-based housing program.

10. Defendant **Housing Authority of the City of Alexandria** (hereinafter referred to as "HACA") is a public body, corporate and politic, subject to suit under a common name, operating as a governmental subdivision of the Parish of Rapides, Louisiana, created under the Louisiana Housing Authorities Law, LSA-R.S. 40:381 et seq., with the power to acquire, own and operate conventional public housing pursuant to the United States Housing Act of 1937, 42 U.S.C. §1437 et seq. and the federal regulations promulgated thereunder. The customs, practices and policies complained of herein were adopted by and are currently enforced by HACA.

Defendant HACA is located within the Western District of Louisiana. Defendant HACA is sued in its official capacity as a person under 42 U.S.C. §1983 and under the provisions of LSA-R.S. 40:472 and 40:475.

### IV.   STATUTORY AND REGULATORY FRAMEWORK

11. In the Housing and Community Development Act of 1974, Congress enacted various types of Section 8 programs, including tenant-based rental assistance, as the primary vehicle for the federal government's efforts to provide an adequate supply of private low-income housing. See generally 24 C.F.R. §982 and 42 U.S.C. §1437f.

12. Families whose incomes do not exceed 80% of the area median income and who do not have assets in excess of the limitations established by the local Public Housing Authority (PHA) are eligible for public housing programs, including the Section 8 program.

13. The Section 8 program is a form of public assistance to lower-income individuals.

14. A Section 8 participant receives a voucher from a PHA and then must find a private landlord willing to accept the voucher. When an owner agrees to rent to a Section 8 voucher holder, the landlord enters into a housing assistance payment (HAP) contract with the local PHA for payment of the portion of the rent for which the tenant is not responsible.

15. The tenant must pay part of the rent but no more than 40% of her adjusted income. 24 C.F.R. §982.305(a)(5). Pursuant to an Annual Contributions Contract with the U.S. Department of Housing and Urban Development, the local PHA receives funds from HUD and uses them to pay subsidies to landlords for the difference between the rent and what the tenant pays.

16. A PHA may not terminate a family's participation in the Section 8 program unless it first provides the tenant with a notice specifying the grounds for the termination and gives the tenant an opportunity for a hearing. 24 C.F.R. §982.555.

17. If the PHA provides the notice required by federal law, and a Section 8 participant timely requests a hearing to contest the proposed termination from the program, the PHA is obligated by federal law to provide continued program assistance if the participant has an active contract. 24 C.F.R. §982.555(a)(2).

18. Pursuant to 24 C.F.R. §982.54, the HACA is required to operate its Section 8 program in accordance with federal regulations as well as its current Section 8 Administrative Plan.

## V.     FACTUAL ALLEGATIONS

19.     As an income-eligible tenant, Ms. Harris applied for and was granted assistance by HACA's Section 8 housing assistance program from June 24, 2004, through August 31, 2020.

20.     Pursuant to a written lease, Ms. Harris has rented and occupied the premises at 509 Riverbend Drive, Alexandria, Louisiana 71303, since June 24, 2004.

21.     HACA contracted with Riverbend Subdivision, the owner of the premises, to pay a portion of Ms. Harris's monthly rent to Riverbend Subdivision.

22.     Ms. Harris was responsible for payment of the remaining amount owed as rent to Riverbend Subdivision.

23.     Ms. Harris's Section 8 lessor, Riverbend Subdivision, has filed numerous evictions against her in Alexandria City Court, identified as follows:

A.     Riverbend I v. Linda Harris, No. 146254: Ms. Harris's exception of vagueness was granted, and her lessor was given two weeks to amend the rule for possession but did not. At a subsequent setting, her lessor voluntarily dismissed the eviction. The honorable Richard E. Starling Jr., judge of the Alexandria City Court, ordered Ms. Harris's lessor to accept her portion of her rent for the months of April 2020, May 2020, June 2020 and July 2020 provided that Ms. Harris's portion of the rent was tendered by noon the following day, which she did.

B.     Riverbend Subdivision I v. Linda Harris, No. 147281: Ms. Harris's exception of vagueness was granted, and her lessor was given 30 days to amend the rule for possession but did not. Her lessor took no further action against her in this docket number.

C.     Riverbend Subdivision I v. Linda Harris, No. 147641: The eviction was continued without date because Ms. Harris provided her CDC declaration. Her lessor took no further action against her in this docket number.

D.  Riverbend I Subdivision v. Linda Harris, No. 148664: Ms. Harris's exception of vagueness was granted, and her lessor was given 30 days to amend the rule for possession but did not. Her lessor took no further action against her in this docket number.

E.  Riverbend Subdivision I v. Linda Harris, No. 148762: On information and belief, this eviction has been or will be dismissed and has been removed from the docket of September 1, 2021.

As of this writing, none of these evictions have been granted.

24. On information and belief, Riverbend Subdivision stopped accepting Ms. Harris's payments in late July 2020 because HACA had not paid its share of Ms. Harris's rent.

25. Ms. Harris never received written notice of the termination from HACA.

26. On information and belief, Rasheda Tucker, director of HACA's Housing Choice Voucher Program, told Ms. Harris on August 13, 2020, that Ms. Harris's voucher would not be reinstated, that Ms. Harris notified HACA that she vacated the apartment and that when a Section 8 tenant does this before an eviction is "overturned", HACA terminates the voucher. In fact, Ms. Harris did not notify HACA that she vacated her unit, and she still lives there.

27. On September 28, 2020, in violation of the federal regulation requiring pre-termination notice and an opportunity for a hearing, Ms. Harris received written notification from her lessor, not HACA, that her Section 8 voucher was terminated effective August 31, 2020.

28. On October 1, 2020, Ms. Harris through her undersigned counsel requested an administrative hearing from HACA as part of the required grievance procedure.

29. HACA never responded to the request referred to in the previous paragraph.

30. HACA has failed to respond to numerous requests for information and for settlement negotiations in this matter.

31. Ms. Harris is disabled and needs frequent medical attention and appointments. She needs to live close to medical facilities in Alexandria or Pineville. She requires the flexibility in leasing that is the very foundation of the voucher subsidy program. Ms. Harris therefore needs her housing choice voucher for purposes of shelter.

32. HACA has acted arbitrarily and capriciously in failing to comply with its own policies and the federal regulations regarding termination of Section 8 rental assistance.

33. As a result of the foregoing factual allegations of this Complaint, Ms. Harris has suffered such damages as are reasonable in the premises and proven at trial.

## VI.     REQUEST FOR INJUNCTIVE RELIEF

34. As a result of HACA's pattern and practice of denying Ms. Harris's due process rights to notice and opportunity for a hearing, Ms. Harris faces the irreparable injury of being evicted and facing homelessness in a time of COVID-19 and limited housing availability.

35. If Ms. Harris is evicted, she will only have 24 hours to vacate or appeal the ruling, and she cannot afford to post a suspensive appellate bond.

## VI.     FIRST CAUSE OF ACTION

36. Plaintiff restates and incorporates by reference the foregoing allegations of this Complaint as if fully rewritten herein.

37. HACA has failed to comply with its Administrative Plan and applicable federal regulations in that it failed to provide the required pre-termination notice of the proposed termination of Ms. Harris's Section 8 housing assistance.

38. HACA refused to provide Ms. Harris an opportunity to be heard before the termination occurred.

39. HACA thereby violated 24 C.F.R. §982.54 in that it failed to comply with its own Administrative Plan.

40. Ms. Harris has a private right of action under the Section 8 federal regulations to challenge the aforesaid illegal failures and refusals by HACA and a private right of action under 42 U.S.C. §1983 for deprivation of substantial federal rights under color of state law.

## VII. SECOND CAUSE OF ACTION

41. Plaintiff restates and incorporates by reference the foregoing allegations of this Complaint as if fully rewritten herein.

42. The actions and inactions of HACA outlined above constitute a violation of the Due Process guarantee of the U.S. Constitution in that HACA has deprived Ms. Harris of her federally guaranteed property interest in the Section 8 subsidized housing program without following the required procedures. The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution is enforceable under 42 U.S.C. §1983. HACA acted under color of state law and regulation pursuant to a written and unwritten set of policies, customs and procedures that deprived her of her rights under these laws and under the Due Process Clause of the Fourteenth Amendment.

## VIII. PLAINTIFF'S STATE CAUSES OF ACTION

43. Plaintiff restates and incorporates by reference the foregoing allegations of this Complaint as if fully rewritten herein.

44. HACA's acts and omissions described above, engaged in under color of state authority, deprived Ms. Harris of her right to due process, all as enumerated in and in violation of

Article 1, Sections 2, 3 and 4 of the Louisiana Constitution, LSA-R.S. 40:381 et seq. and the Louisiana Civil Code.

45. HACA's acts and omissions described above constitute unfair and deceptive acts or practices under Louisiana law for which it is liable to Ms. Harris for such damages as are reasonable in the premises and proven at trial.

46. HACA's acts and omissions as described above constitute breach of its voucher agreement under Louisiana law for which it is liable to Ms. Harris for such damages as are reasonable in the premises and proven at trial.

### IX.   PLAINTIFF'S REQUEST FOR IN FORMA PAUPERIS STATUS

47. Ms. Harris is a citizen of the United States of America and is a resident of and domiciled in Rapides Parish, Louisiana, and because of her poverty and want of means, plaintiff is unable to pay the costs of this suit in advance or as they accrue or to furnish security therefor, and plaintiff desires and is entitled to file and prosecute this cause of action in forma pauperis, according to the provisions of 28 U.S.C. §1915.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF LINDA FAYE HARRIS respectfully requests that:

1. She be allowed to file and prosecute this action in forma pauperis, without prior payment of costs or as they accrue and without giving bond or security therefor, in accordance with the provisions of 28 U.S.C. §1915;

2. The Court issue a preliminary injunction ordering HACA to reinstate Ms. Harris's participation in the Voucher Program;

3. The Court order HACA to pay all of Ms. Harris's rent in arrears to her lessor, Riverbend Subdivision I;

4. The Court order HACA to reimburse Ms. Harris for the difference Ms. Harris paid between the subsidized amount of her rent and any market rent she has paid or will have to pay because of HACA's violation of the law;

5. The Court issue a declaratory judgment, pursuant to 28 U.S.C. §2201, declaring that the termination of Ms. Harris's participation from the Voucher Program was in violation of 42 U.S.C §1437d(k) and 24 C.F.R. §§982.552 and 982.553(b);

6. The Court issue a declaratory judgment pursuant to 28 U.S.C. §2201 declaring that HACA violated Ms. Harris's rights and deprived her due process during all times relevant to this Complaint and thereafter, as the supplemental evidence will show;

7. The Court issue a declaratory judgment pursuant to 28 U.S.C. §2201 declaring that HACA's policies, practices and procedures of lease termination without advance notice and opportunity for hearing violate the procedural and substantive safeguards of the statutory and constitutional rights of Section 8 tenants;

8. The Court preliminarily and permanently enjoin HACA from terminating Ms. Harris from the Voucher Program without granting her the process required by the Fourteenth Amendment to the United States Constitution, 42 U.S.C §1437d(k), and 24 C.F.R. §982;

9. The Court order HACA to provide Ms. Harris with a pre-termination notice that complies with federal regulations;

10. The Court order HACA to provide Ms. Harris with a pre-termination hearing as required by federal regulations;

11. The Court award all such compensatory and/or punitive damages as may be

allowable and proven at trial pursuant to the Housing Act of 1974 and/or through application of 42 U.S.C. §1983 against HACA;

12. The Court award Ms. Harris reasonable attorney fees and costs pursuant to 42 U.S.C. §1988;

13. The Court retain jurisdiction over HACA until such time as this Court's Declaratory Orders have been met;

14. The Court award all other relief appropriate from the record and additional testimony taken sufficient to secure all rights guaranteed by law or by the Constitution to plaintiff and to provide a remedy for the failures of HACA to provide due process to Ms. Harris, including but not limited to an award of compensatory damages;

15. Defendant Housing Authority of the City of Alexandria be cast with all costs of this proceeding;

16. The Court award all other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,
**LEGAL SERVICES OF CENTRAL LOUISIANA**
**(A Division of Acadiana Legal Service Corporation)**

BY: _____
Walter P. McClatchey Jr., T.A.
1808 Jackson Street
Alexandria, LA 71301-6434
Phone 318-443-7281, Extension 3203
Fax 318-443-9516
E-mail walter@la-law.org
La. Bar Roll No. 18649

ATTORNEY FOR LINDA FAYE HARRIS

DATE: August 31, 2021

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| LINDA FAYE HARRIS, | * | CIVIL ACTION |
| | * | |
| Plaintiff | * | NO. _____ |
| | * | |
| VERSUS | * | DIVISION _____ |
| | * | |
| HOUSING AUTHORITY OF THE CITY OF ALEXANDRIA, | * | JUDGE _____ |
| | * | |
| Defendant | * | MAGISTRATE JUDGE _____ |

## AFFIDAVIT OF VERIFICATION

STATE OF LOUISIANA

PARISH OF RAPIDES

BEFORE ME, the undersigned Notary, personally appeared **Linda Faye Harris,** plaintiff herein, who was first duly sworn by me and did then depose that:

She has read the above Complaint and that all of the allegations of fact contained in it are true and correct except for those allegations based on information and belief, and as to those, she believes them to be true and correct.

*Linda Faye Harris*
Linda Faye Harris, Affiant

SWORN TO AND SUBSCRIBED before me this 31st day of August, 2021, at Alexandria, Louisiana.

_____
Walter P. McClatchey Jr., Notary Public
Notary Public Identification No. 9877
Louisiana Bar Roll No. 18649
My commission is for life.

13